UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:12-cv-24405-UU

FABIO LARA,

    Plaintiff,

v.

SPECIALIZED LOAN SERVICING, LLC,

    Defendant.
_____/

## FINDINGS OF FACT & CONCLUSIONS OF LAW

THIS CAUSE is before the Court upon Plaintiff's Complaint, D.E. 1, and the Court's Order Denying Summary Judgment, D.E. 35.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

FOR THE REASONS SET FORTH BELOW the Court will enter a final judgment in favor of Plaintiff, Fabio Lara, in the amount of $1,000.00, exclusive of attorney's fees and costs.

### I. INTRODUCTION

Plaintiff, Fabio Lara, is a resident of Miami-Dade County, Florida. Defendant, Specialized Loan Servicing LLC ("SLS"), is a limited liability company with its principal place of business in Highlands Ranch, Colorado. SLS is in the business of collecting debts and servicing loans, for which it makes use of the mails and telephone. On June 8, 2006, Lara signed a home mortgage. On or about May 13, 2011, Lara obtained a personal bankruptcy discharge of this mortgage debt in the United States Bankruptcy Court. In December of 2011, SLS became the servicer of Plaintiff's home loan, and soon thereafter began sending him correspondence that Plaintiff alleges constituted impermissible attempts to collect debt that had been discharged in bankruptcy.

Following the above-referenced correspondence, Plaintiff brought this action for statutory damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et*

*seq.*, as well as for statutory damages pursuant to the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55.  The parties stipulated, in accordance with Florida case law, that Plaintiff's FCCPA claim "stands or falls on the Court's ruling on the FDCPA claim."  D.E. 34 ¶ 3.  The parties further stipulated that, in the event Plaintiff prevails in his claims, he is only entitled to statutory damages not exceeding the amount of $2,000 ($1,000 each for the FDCPA and FCCPA claims), and that he is not entitled to any actual or other damages.  *Id.* ¶ 4.  The Court denied Defendants' Motion for Summary Judgment, but granted its Motion to Strike Jury Trial Demand.  The parties, eschewing an evidentiary hearing or bench trial, insist that "the documents speak for themselves."  *Id.*  ¶ 1.  The following are the Court's findings of fact and conclusions of law.

## II. FINDINGS OF FACT

The Court makes the following findings of fact based upon the preponderance of the evidence presented in the record:

1. SLS's Welcome Letter dated December 22, 2011, D.E. 25-4, is objectively misleading under the applicable standard in that it misrepresents the legal status of Plaintiff's debt by, *inter alia*, including a mail-in payment coupon with a payment amount and payment instructions.

2. For the same reasons, the Welcome Letter constitutes an unfair attempt to collect an amount not permitted by law.

3. The Welcome Letter's bankruptcy disclaimer, *id.*, at 2, delivered in fine print, does not alter the letter's overall misleading effect.

4. SLS's Validation Letter dated December 25, 2011, D.E. 25-5, is objectively misleading under the applicable standard in that it misrepresents the legal status of Plaintiff's debt by, *inter alia*, stating the date on which the next payment is due, despite the debt having been discharged in bankruptcy.

5. For the same reasons, the Validation Letter constitutes an unfair attempt to collect

an amount not permitted by law.

6. The Validation Letter's bankruptcy disclaimer, *id.*, at 2, which is in fine print, does not alter the letter's overall misleading effect.

7. SLS's Notice of Default and Notice of Intent to Foreclose dated February 1, 2012, D.E. 25-8, is objectively misleading under the applicable standard in that it misrepresents the legal status of Plaintiff's debt by, *inter alia*, suggesting that Plaintiff should cure his default within 33 calendar days.

8. For the same reasons, the Notice of Default and Notice of Intent to Foreclose constitutes an unfair attempt to collect an amount not permitted by law.

9. SLS's Notice of Default and Notice of Intent to Foreclose contains a bankruptcy disclaimer, *id.* at 2, but the disclaimer does not alter the letter's overall misleading effect.

10. SLS's Notice of Interest Rate and Payment Adjustment dated May 25, 2012, D.E. 25-10, is objectively misleading under the applicable standard in that it misrepresents the legal status of Plaintiff's debt by, *inter alia*, providing a new payment effective date, despite the debt having been discharged in bankruptcy.

11. For the same reasons, the Notice of Interest Rate and Payment Adjustment constitutes an unfair attempt to collect an amount not permitted by law.

12. SLS's Notice of Interest Rate and Payment Adjustment contains a bankruptcy disclaimer in fine print, *id.* at 1, but the disclaimer does not alter the letter's overall misleading effect.

13. SLS's Annual Escrow Account Disclosure Statement dated July 24, 2012, D.E. 25-11, is not objectively misleading under the applicable standard. Plaintiff has not shown by a preponderance of the evidence that the shortage amount demanded in the Statement describes a debt discharged in bankruptcy.

### III.  CONCLUSIONS OF LAW

1.  SLS violated 15 U.S.C. § 1692e(2)(A) by sending Plaintiff four letters that misrepresented the legal status of Plaintiff's debt.

2.  SLS violated 15 U.S.C. § 1692f(1) by sending Plaintiff four letters that attempted to collect an amount not permitted by law.

3.  For SLS's violations under 15 U.S.C. §§ 1692e(2)(A), 1692f(1), SLS is liable for statutory damages not exceeding $1,000.00.  In determining that amount, the Court considers the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.  *See* 15 U.S.C. § 1692k(b)(1).

4.  SLS violated Fla. Stat. § 559.72(9) by attempting to enforce a debt that SLS knew could not be enforced.

5.  For SLS's violation of Fla. Stat. § 559.72(9), SLS is liable for statutory damages allowed by the court, up to, but not exceeding $1,000.00.  In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with the statute, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.  *See* Fla. Stat. § 559.77(2).

## IV. FINAL CONCLUSIONS

Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED AND ADJUDGED as follows:

1. Plaintiff Fabio Lara is entitled to judgment in his favor against Defendant Specialized Loan Servicing, LLC.

2. Plaintiff is entitled to statutory damages in the amount of $500 for Defendant's violation of 15 U.S.C. §§ 1692e(2) and 1692f(1).

3. Plaintiff is further entitled to statutory damages in the amount of $500 for Defendant's violation of Fla. Stat. § 559.72(9).

    4.  Plaintiff, as the prevailing party, is entitled to an award of reasonable attorney's fees and costs.  The Court retains jurisdiction over attorney's fees and costs associated with the instant case, for which Plaintiff may file a separate motion in accordance with Local Rule 7.3.

    5.  Final judgment will be entered by separate order, in accordance with Federal Rule of Civil Procedure 58.

    DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of September, 2013.

*/s/ Ursula Ungaro*
_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record